NEWMAN, Circuit Judge,
dissenting.
In this crowded art of polishing pads, there is no product with the combination of width, depth, and pitch of the product here patented. The patented product has achieved significant commercial success, displacing pads having the parameters that are here said to render the claimed pad obvious.
The question is not whether the differences from the prior art are large or small; the question is whether it would have been obvious to change the combination of width, depth, and pitch in the manner of the patentee, with a reasonable expectation that the changed product would have the advantages here obtained. As stated in In re Dow Chemical Co., 837 F.2d 469, 473 (Fed.Cir.1988), “the expectation of success must be founded in the prior art, not in the applicant’s disclosure.”
The PTO offered no support in the prior art, or in common sense, for such an expectation of improved properties. All that the PTO offers is prior art having variations in width, depth, and pitch; there is no suggestion of changing the parameters *1301 in the manner done by this patentee. Nothing in the record shows that the patentee’s concurrent changes in width, depth, and pitch were simply “knowledge so basic that it certainly lies within the skill set of an ordinary artisan.” Mintz v. Dietz & Watson, Inc., 679 F.3d 1372, 1377 (Fed.Cir.2012). Yet the evidence is that the consumer has shown a clear preference for the patentee’s product as compared with the prior art products. This is highly relevant to the question of obviousness, for the purchasing consumer is in the best position to evaluate technological changes that appear to judges to be minor, yet that are of significance to the product’s properties, as measured in the marketplace. See Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 306 (Fed.Cir.1985) (“Secondary considerations may be the most pertinent, probabitve, and revealing evidence available to the decision maker in reaching a conclusion on the obviousness/nonobviousness issue.”).
The Court observed in Dickinson v. Zurko, 527 U.S. 150, 162, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999), that “[t]he APA requires meaningful review,” “not simply rubber-stamping agency factfinding.” On the correct law, the polishing pad with the claimed parameters has not been shown to be obvious. From my colleagues’ contrary holding, I respectfully dissent.